# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

RANDIE MULLEN,

    Plaintiff,

v.

WAL-MART STORES, INC., a Delaware corporation; SAM'S EAST, INC. d/b/a SAM'S CLUB and d/b/a WEST MIFFLIN SAM'S CLUB #6679, an Arkansas corporation,

    Defendants.

**JURY TRIAL DEMANDED**

CIVIL DIVISION

No. _____

**COMPLAINT**

Filed on Behalf of Plaintiff,
Randie Mullen

Counsel of Record for This Party:

Jeffrey P. Ward, Esquire
PA ID No. 34317
Kelly K. Iverson, Esquire
PA ID No. 307175

COHEN & GRIGSBY, P.C.
Firm No. 621
625 Liberty Ave.
Pittsburgh, PA 15222-3152

(412) 297-4900

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| RANDIE MULLEN, | CIVIL DIVISION |
| Plaintiff, | |
| | No. _____ |
| v. | |
| WAL-MART STORES, INC., a Delaware corporation; SAM'S EAST, INC. d/b/a SAM'S CLUB and d/b/a WEST MIFFLIN SAM'S CLUB #6679, an Arkansas corporation, | |
| Defendants. | |

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

**LAWYER REFERRAL SERVICE**
The Allegheny County Bar Association
11th Floor, Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| RANDIE MULLEN, | CIVIL DIVISION |
| Plaintiff, | |
| | No. _____ |
| v. | |
| WAL-MART STORES, INC., a Delaware corporation; SAM'S EAST, INC. d/b/a SAM'S CLUB and d/b/a WEST MIFFLIN SAM'S CLUB #6679, an Arkansas corporation, | |
| Defendants. | |

## COMPLAINT

AND NOW, comes Plaintiff, Randie Mullen, by and through her counsel, Cohen & Grigsby, P.C., and files this Complaint averring as follows:

### PARTIES TO THE ACTION

1. Plaintiff, Randie Mullen, is an adult individual residing in Allegheny County, Pennsylvania.

2. Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), is a Delaware corporation registered to do business in Pennsylvania, with a principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72716. Wal-Mart is the owner of real property located at 2251 Century Drive, West Mifflin, Pennsylvania 15122 (the "Property"), upon which a Sam's Club operates.

3. Defendant, Sam's East, Inc., d/b/a Sam's Club and d/b/a West Mifflin Sam's Club #6679 ("Sam's Club"), is an Arkansas corporation registered to do business in Pennsylvania,

with a principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72716. Sam's Club is an indirect wholly owned subsidiary of Wal-Mart and operates a warehouse shopping facility at the Property.

## JURISDICTION AND VENUE

4. This action arises under the laws of the Commonwealth of Pennsylvania and is within the subject matter jurisdiction of this Court.

5. Venue is proper in Allegheny County under Pennsylvania Rule of Civil Procedure 1006 because it is the location in which the cause of action arose.

## FACTUAL BACKGROUND

6. Sam's Club operates a chain of warehouse stores, including the West Mifflin store # 6679 at the Property (the "Store").

7. Wal-Mart owns the Property on which Sam's Club operates the store.

8. On or about June 7, 2014, Plaintiff, Randie Mullen, was shopping at the Store.

9. In one of the main aisles at the front of the Store, Sam's Club had stacked heavy, forty pound buckets of chlorine tables for display.

10. Unbeknownst to Mrs. Mullen, the buckets were stacked in an unstable and dangerous manner.

11. While shopping, Mrs. Mullen took a bucket from the top left of the display stack and placed it in her cart.

12. As she began to leave the area to continue shopping, two of the heavy buckets, from a different location in the stack than where Mrs. Mullen had taken a bucket from, abruptly fell atop Mrs. Mullen and chlorine tablets spilled out from them.

13. The weight of the buckets fractured Mrs. Mullen's right fibula and the chlorine tablets burned Mrs. Mullen's leg where one of the buckets had already broken her skin.

14. Due to Mrs. Mullen's broken leg, she was required to wear a walking boot at all times for approximately five weeks.

15. After the boot was removed, Mrs. Mullen continued to have leg pain, including cramping and spasms, when she would stand or walk for any length of time.

16. It was determined that Mrs. Mullen suffered moderately severe stenosis as a result of the accident at Sam's Club and as a direct result of the length of time that she was required to wear a boot after the injury.

17. On April 8, 2014, Mrs. Mullen was at her home when she suffered the leg cramping and spasms that accompanied her injury; during this episode, her leg gave out beneath her and she fell on her left side hip causing a fracture to her pelvis.

## COUNT I – NEGLIGENCE
## PLAINTIFF v. WAL-MART STORES, INC.

18. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

19. At all relevant times, Plaintiff Randie Mullen acted with reasonable care and prudence, and neither contributed to nor caused the damages complained of herein.

20. Defendant Wal-Mart, at all relevant times, was the owner of the Property upon which Mrs. Mullen was injured.

21. At all relevant times, the Property was open to the public for the purposes of shopping at Sam's Club.

22. Defendant owed Mrs. Mullen, as a business invitee, the highest duty of care owed to any entrant upon the land – to protect her against both known dangers and those that may be discovered with reasonable care and inspection.

23. Defendant knew or with reasonable care should have discovered that the heavy buckets of chlorine tablets were dangerously stacked and were unstable and a danger to its business invitees.

24. Alternatively, Defendant negligently entrusted its wholly owned subsidiary, Sam's Club, to fulfil its duty to business invitees and Sam's Club negligently stacked the heavy buckets of chlorine tablets in an unstable and dangerous manner.

25. Defendant failed to exercise reasonable care to keep the Property safe and to protect Mrs. Mullen against the danger outlined above and to otherwise take reasonable measures to ensure precautions were taken to address the danger.

26. Defendant breached it duty by failing to take reasonable precautions and/or other measures to guard against the danger of the heavy buckets falling on Mrs. Mullen, or by failing to ensure that Sam's Club did not dangerously and unsafely stack heavy buckets upon its Property that was open to the public.

27. This breach was both the actual and proximate cause of Randi Mullen's injuries.

28. As a result of Defendant's negligent conduct, Randie Mullen suffered severe injuries, including:

    a. Fractured fibula;

    b. An open wound, which underwent surgical debridement, and remained bruised with a hematoma almost two months after the injury;

    c. Significant scarring on her leg;

    d. Moderately severe stenosis at L3-4 and L4-5 and moderate stenosis at L2-3;

e. A fractured pelvis;

f. Great pain, suffering, inconvenience, and the loss of many ordinary pleasures of life; and

g. The expenses of medical attention.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant for an amount in excess of the arbitration limits, plus interest, and costs of suit.

## COUNT II – NEGLIGENCE
### PLAINTIFF v. SAM'S EAST, INC. d/b/a SAM'S CLUB and d/b/a WEST MIFFLIN SAM'S CLUB #6679

29. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

30. At all relevant times, Plaintiff Randie Mullen acted with reasonable care and prudence, and neither contributed to nor caused the damages complained of herein.

31. Defendant Sam's Club at all relevant times operated the Store at the Property upon which Mrs. Mullen was injured.

32. At all relevant times, the Property was open to the public for the purposes of shopping at Sam's Club.

33. Defendant owed Mrs. Mullen, as a business invitee, the highest duty of care owed to any entrant upon the land – to protect her against both known dangers and those that may be discovered with reasonable care and inspection.

34. Defendant stacked heavy chlorine buckets on display with the intent of drawing customer attention to the display and for the purpose of customers taking buckets from the display for purchase.

35. Defendant stacked the heavy chlorine buckets in an unstable and unreasonably dangerous manner.

36. Defendant knew or with reasonable care should have discovered that the heavy buckets of chlorine tablets were dangerously stacked in an unstable manner and posed a danger to its business invitees.

37. Defendant failed to exercise reasonable care to keep the Property safe and to protect Mrs. Mullen against the danger outlined above and to otherwise take reasonable measures to ensure precautions were taken to address the danger.

38. Defendant breached it duty by stacking the chlorine buckets in a dangerous and unsafe manner and/or by failing to take reasonable precautions or other measures to guard against the danger of the heavy buckets falling on Mrs. Mullen.

39. This breach was both the actual and proximate cause of Randi Mullen's injuries.

40. As a result of Defendant's negligent conduct, Randie Mullen suffered serious injuries, including:

    a. Fractured fibula;

    b. An open wound, which underwent surgical debridement, and remained bruised with a hematoma almost two months after the injury;

    c. Significant scarring on her leg;

    d. Moderately severe stenosis at L3-4 and L4-5 and moderate stenosis at L2-3;

    e. A fractured pelvis;

    f. Great pain, suffering, inconvenience, and the loss of many ordinary pleasures of life; and

    g. The expenses of medical attention.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant for an amount in excess of the arbitration limits, plus interest, and costs of suit.

**JURY TRIAL DEMANDED**

Respectfully submitted,

By: *[signature]*

Jeffrey P. Ward, Esquire
PA ID No. 34317
Kelly K. Iverson, Esquire
PA ID No. 307175

COHEN & GRIGSBY, P.C.
Firm No. 621
625 Liberty Ave.
Pittsburgh, PA 15222-3152
(412) 297-4900

Attorneys for Plaintiffs

Dated: December 8, 2015
2194496.v1

## VERIFICATION

I, Randie Mullen, hereby verify that I have read the foregoing Complaint and that the averments of fact made therein are true and correct based upon my knowledge, information and belief. I understand that the statements of fact set forth herein are made subject to the penalties of 18 Pa. C. S. § 4904 relating to unsworn falsification to authorities.

*[signature]*
Randie Mullen

NOV. 30. 2015
Dated