IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDIE MULLEN, | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 2:16-cv-00030 |
| | : | |
| WAL-MART STORES, INC., a Delaware | : | |
| corporation; SAM'S EAST, INC. d/b/a | : | |
| SAM'S CLUB and d/b/a WEST MIFFLIN | : | The Honorable Nora Barry Fischer |
| SAM'S CLUB #6679, an Arkansas | : | |
| corporation, | : | |
| | : | |
| Defendants. | : | |

**STIPULATED CONFIDENTIALITY AGREEMENT**

After discussion and agreement, the parties, by and through their below listed counsel of record, hereby enter into this STIPULATED CONFIDENTIALITY AGREEMENT ("the Agreement") and agree to the following confidentiality provisions to be utilized during the discovery and litigation of the above-captioned matter:

1. The parties recognize that documents will be produced as part of the in discovery in this case, including policies and procedures of Defendants Sam's East, Inc. and/or Wal-Mart Stores, Inc., which contain information this is considered proprietary and/or confidential to Defendants Sam's East, Inc. and/or Wal-Mart Stores, Inc. Plaintiffs agree that Defendants have an interest to keep such information protected from disclosure to its competitors and the general public, and may suffer harm if the information is disseminated beyond those that need to know in pursuit of this litigation. In an effort to protect the proprietary and/or confidential nature of any such information and to comply with the discovery requirements of the Federal Rules of Civil

Procedure, documents deemed proprietary and/or confidential shall be kept confidential as set forth in the Agreement.

2. The party seeking confidentiality shall designate the documents as confidential by identifying them as such in responses to discovery requests, such as answers to interrogatories or request for production, and if possible, shall stamp any and all documents subject to the confidentiality agreement with the word "CONFIDENTIAL."

3. The word "documents" means all written, recorded, electronic, or graphic matter whatsoever, however created and whatever the medium on which it was produced or reproduced, including, but not limited to, documents produced by any party, whether pursuant to discovery, subpoena, or by agreement, and may also include deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.

4. All "CONFIDENTIAL" documents and all information contained therein, shall be used by the party(ies) to whom the documents are disclosed solely for the prosecution and/or defense of this action, and shall not be further disseminated, except as specifically set forth below.

5. "CONFIDENTIAL" documents and the information contained therein may be disclosed ONLY to (1) the party(ies) in this litigation, (2) the party(ies) insurers' (including staff and claims personnel), (3) any and all counsel who files an appearance for the party(ies) (and their staff), (4) expert witnesses retained by the parties, and (5) the mediator designated by the parties to mediate this dispute. The insurer claims representatives and staff, expert witnesses, secretaries, paralegal, assistants, and all other employees of all counsel, insurers, and retained experts shall be informed and provided a copy the Agreement and shall agree to be bound by the terms of the Agreement prior to obtaining access to these documents. If any party wishes to

disclose the "CONFIDENTIAL" documents to any other person or entity, the party must obtain written authorization to do so from counsel for Wal-Mart Stores East, L.P. whose authorization will not be reasonably withheld.

6. Documents designated CONFIDENTIAL and information derived therefrom, may be referred to in interrogatory answers, motions, briefs, and other court papers and may be used in depositions and marked as deposition exhibits in this action. However, if any documents are to be used during the litigation of this action the party using said documents shall inform counsel for Defendants Sam's East, Inc. and/or Wal-Mart Stores, Inc. in writing of the intent to use the documents sixty (60) days before trial, so that counsel for Defendants Sam's East, Inc. and/or Wal-Mart Stores, Inc. may have the opportunity to seek the appropriate order of court to protect the CONFIDENTIAL information at trial, which may include a Motion to the Court to seal the portion of the file containing the CONFIDENTIAL material.

7. The use of documents designated CONFIDENTIAL, and information derived therefrom, during the course of the trial of this action shall be governed by further stipulation of the parties or further Order of the Court. Except as to the use at trial of confidential documents and information derived therefore, the Agreement shall remain effective until such time as it is superseded by further stipulation of the parties or by Order of Court.

8. At the conclusion of the litigation of this action, or upon settlement or dismissal, documents designated as CONFIDENTIAL and any and all copies of such documents, whether in paper or electronic form (other than exhibits of record), including those documents sent to experts or other individuals permitted to receive them pursuant to Paragraph 5, shall be either (a) returned to the counsel that produced the documents or (b) destroyed by the party or expert holding the documents.

9. Nothing in the Agreement shall prevent any party to this action from moving the Court to remove the CONFIDENTIAL designation from a particular document, from seeking further protection or relief from the Court, or from making objection(s) to discovery which it believes to be otherwise improper. In any proceeding challenging a CONFIDENTIAL designation, the burden of proof is on the party asserting confidentiality.

10. The parties agree that any knowing, willing, or intentional violation of the Agreement by any party(ies) or their representatives is a breach of the Agreement and the parties agree that any such breach of the Agreement may be subject to redress by the aggrieved party by the filing of a Motion with the Court seeking relief.

IT IS SO STIPULATED:

*/s/ Kelly K. Iverson*
Kelly K. Iverson, Esquire, Counsel for Plaintiff
Cohen & Grigsby
625 Liberty Avenue
Pittsburgh, PA 15222
kiverson@cohenlaw.com

*/s/ Rebecca Sember Izsak*
Rebecca Sember Izsak, Esquire, Counsel for Defendants
Thomas, Thomas & Hafer, LLP
525 William Penn Place
37th Floor, Suite 3750
Pittsburgh, PA 15219
rsember@tthlaw.com

AND NOW, this 16th day of February, 2016,
IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE